## State of Vermont
## Superior Court—Environmental Division

```
========================================================================
```
## E N T R Y   R E G A R D I N G   M O T I O N
```
========================================================================
```

**In re Highland Crossing Subdivision Act 250 Reconsideration**    Docket No. 97-7-12 Vtec

Title: Motion for Partial Summary Judgment (Filing No. 3)

Filed: July 8, 2013

Filed By: Vermont Agency of Agriculture, Food, and Markets

Response in support of Agency of Agriculture's Motion filed on 7/10/2013 by Vermont Natural Resources Board

Response in opposition to Agency of Agriculture's Motion filed on 8/1/2013 by Appellants Elizabeth and Jeffery Goldberg

Reply to Appellants' Response filed on 8/13/2013 by the Agency of Agriculture

___ Granted               _X_ Denied               ___ Other

The Vermont Agency of Agriculture has moved for partial summary judgment against Elizabeth and Jeffery Goldberg (Appellants) in their appeal of a decision by the District 4 Environmental Commission (District Commission) issued on February 10, 2012.  Appellants own a parcel of land of approximately 12.88 acres located at 1760 Dorset Street in South Burlington, Vermont that they desire to subdivide, and they appeal the District Commission's determinations that the land contains approximately eight acres of primary agricultural soils and that Appellants do not qualify for off-site mitigation.  The Agency of Agriculture now seeks partial summary judgment on the issue of whether the site contains primary agricultural soils.

## Discussion

We begin our analysis with a basic premise: that summary judgment may only be granted to a moving party upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2).  We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party the benefit of all reasonable doubts and inferences.  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citation omitted); see V.R.C.P. 56(c) (laying out summary judgment procedures).  In considering a motion for summary judgment, our function is "not to make findings on disputed factual issues."  Blake v. Nationwide Ins. Co., 2006 VT 48, ¶21, 180 Vt. 14; Gettis v. Green Mtn. Econ. Dev. Corp., 2005 VT 117, ¶ 19, 179 Vt. 117.  The Court does not judge the credibility of the parties or their witnesses or the weight of the facts offered through the affidavits submitted on summary judgment.  Provost v. Fletcher Allen Health Care, Inc., 2005 VT 115, ¶ 15, 179 Vt. 545 (stating that summary judgment is not warranted simply because a movant offers facts that appear more plausible than those tendered in opposition, or if one party appears unlikely to prevail at trial).

"Primary agricultural soils" are:

soil map units with the best combination of physical and chemical characteristics that have a potential for growing food, feed, and forage crops, have sufficient

moisture and drainage, plant nutrients or responsiveness to fertilizers, few limitations for cultivation or limitations which may be easily overcome, and an average slope that does not exceed 15 percent. Present uses may be cropland, pasture, regenerating forests, forestland, or other agricultural or silvicultural uses. However, the soils must be of a size and location, relative to adjoining land uses, so that those soils will be capable, following removal of any identified limitations, of supporting or contributing to an economic or commercial agricultural operation. <u>Unless contradicted by the qualifications stated in this subdivision</u>, primary agricultural soils shall include important farmland soils map units with a rating of prime, statewide, or local importance as defined by the Natural Resources Conservation Service (N.R.C.S.) of the United States Department of Agriculture (U.S.D.A.).

10 V.S.A. § 6001(15) (emphasis added).

It appears undisputed that the impacted soils are Vergennes B, Vergennes C, and Covington soils with an N.R.C.S. ratings of prime, statewide, or local importance. The question thus becomes whether other qualifications in 10 V.S.A. § 6001(15) contradict the presumption that the land contains primary agricultural soils; Applicants state their intent to offer evidence to this effect at trial. The parties dispute many facts that are material to our consideration of the qualifications of 10 V.S.A. § 6001(15), each supporting their assertions with submissions proper under V.R.C.P. 56. For example, the parties dispute whether insurmountable drainage problems exist, whether the agricultural soils on the site are contiguous, and whether the area is too small to support or contribute meaningfully to an economic or commercial agricultural operation. We cannot weigh parties' evidence or otherwise make findings of fact on summary judgment.

## Conclusion

For the reasons detailed above, we **DENY** the Agency of Agriculture's motion for partial summary judgment. Unless the parties resolve their dispute before then, we will proceed with the trial that has been scheduled for October 29 and 30, 2013.

_____                     _____August 19, 2013_____
        Thomas G. Walsh, Judge                                                   Date

===============================================================================

Date copies sent: _____                                         Clerk's Initials: _____

Copies sent to:

   James E. Knapp, Esq. for Applicant-Appellants Jeffrey Goldberg and Elizabeth Goldberg
   Melanie Kehne , Esq. for Interested Person Natural Resources Board
   Amanda Lafferty, Esq. for Interested Person City of South Burlington
   David W. Rugh, Esq. Co-council for Interested Person City of South Burlington
   Diane Zamos, Esq. for Interested Person Agency of Agriculture
   Robert McDougall, Esq., Co-council for Interested Person Agency of Agriculture